IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| ARNOLD T. BACON, on behalf of himself and all other similarly situated consumers<br><br>Plaintiff,<br><br>vs.<br><br><br>FABER AND BRAND LLC.<br><br>Defendant. | Case No.: 16-5334 TLB<br><br><br><br>CLASS ACTION COMPLAINT and<br>DEMAND FOR JURY TRIAL |

Plaintiff, Arnold T. Bacon ("Plaintiff"), by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, brings this Complaint against Defendant, Faber and Brand, LLC ("Defendant"), and states as follows:

## INTRODUCTION

1.   Plaintiff brings this class action against Defendant for using false, deceptive and misleading representations in connection with the collection of a debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURSIDICTION AND VENUE

2.   Plaintiff brings this action under the FDCPA, a federal statute, thereby invoking jurisdiction pursuant to 28 U.S.C. §§1331.

3.   Venue is proper in this District under 28 U.S.C. 1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district and/or because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

4.     Plaintiff is a natural person, who at all relevant times has resided in Centerton, Arkansas, and is a "consumer" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

5.     Defendant is a corporation doing business in Arkansas with its prinicipal place of business located at 503 E Nifong Blvd, Columbia, Missouri 65201.

6.     Defendant is a "debt collector" as the phrase is defined under 15 U.S.C. §1692(a) of the FDCPA.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7.     Plaintiff is a natural person, obligated, or allegedly obligated to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

8.     Defendant is a law firm with attorneys licensed in many states. It is regularly engaged in debt collection activity.

9.     Plaintiff's obligation, or alleged obligation, arose from a bill owed to a hospital for medical treatement.

10.    Medical bills have long been considered debts incurred for personal, family, or household purposes.

11.    In attempt to collect said debt, Defendant mailed a dunning letter to Plaintiff on April 8, 2016, attached as Exhibit A.

12.    Dunning letters are reviewed for violation of the FDCPA from the standard of the least sophisticated consumer.

13.    Defendant's dunning letter was prominently displayed on Defendant's attorney letterhead. The letterhead lists the firm name at the top, identifies the firm as "attorney's at law," and lists each of the attorney's associated with the firm and where they are licensed.

14.     There is mainly one reason to send a collection letter directly on an attorney's letterhead: to "strike fear in the heart of the consumer" since an attorney "is better positioned to get the debtor's knees knocking." *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1000 (3d Cir. 2011).

15.     As if the intimidating letterhead was not sufficient to get Plaintiff's knees knocking, Defendant wanted to drive the point home even further. The very first sentence of the letter states: "We have been hired in regards to the above referenced debt."

16.     Defendant's letter hits the mark. It intimidates the debtor into believing that they are now being pursued by an aggressive law firm who will file suit immediately.

17.     In fact, by beginning the letter with the term "we have been hired" it clearly implies to the least sophisticated consumer that an attorney with the law firm has reviewed the file and believed there to be sufficient evidence to pursue litigation—lawyers are typically hired to file lawsuits. The least sophisticated consumer believes that lawyers do not typically accept a case, and accept payment for the case, without conducting an investigation and concluding that the case is ripe for litigation.

18.     By representing to Plaintiff that a suit may be initiated immediately, Defendant misrepresented and overshadowed Plaintiff's right to validate the debt within the 30 day validation period.

19.     In fact, as of the date of this filing—seven (7) months since receiving the letter—Defendant has not filed suit against Plaintiff which is indicative of another misrepresentation: Defendant never intended to pursue litigation despite its implied threat to do so.

20.     Not only this, but Defendant's letter is also deceptive and misleading because the letter falsely implies that an attorney has reviewed the debt, and sent out the letter. Specifically, by

3

placing the letter on attorney letterhead, and stating "we have been hired" the least sophisticated consumer believes that an attorney has reviewed his case, and approved it for filing.

21. In fact, as is evident from the signature of letter, which bears no attorney's signature, no attorney has actually reviewed the file. Further, given that this dunning letter relates to file number #236055 (suggestive of the amount of files in Defendant's office), it is easily extrapolated that the firms ten (10) attorney's do not review every file, or even every letter, prior to sending their dunning letters.

22. By failing to indicate that there has been no material attorney involvement, the least sophisticated consumer is left believing that the communication at issue was sent directly from an attorney.

23. Many collection firms place specific disclaimers on their dunning letters stating "no attorney has reviewed your file" to prevent the consumer from believing the file has been reviewed by counsel and is ripe for litigation. Defendant has failed to provide such a disclaimer here.

<u>Plaintiff Has Suffered a Concrete and Particularized Injury</u>

24. Congress codified the Fair Debt Collection Practices Act to provide specific protections to consumer debtors to prevent them from being subject to harassment as well as subject to false and miseading statements.

25. Plaintiff sustained a concrete and particularized injury by Defendant's placement of numerous false and misleading statements within its collection letter that violate Plaintiff's rights.

26. Plaintiff sustained a concrete and particularized injury by being mislead by Defendant's representations that the debt was reviewed by counsel, the debt was imminently subject to litigation, and by overshadowing Plaintiff's validation rights.

## CLASS ACTION ALLEGATIONS

### The Class

27. Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP")Plaintiff seeks certification of the class, initially defined as follows:

> **All consumers that have received similar collection letters from Defendant concerning consumer debts within one year prior to the filing of this complaint until the conclusion of this action.**

28. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

29. Upon information and belief, Defendant has sent dunning letters to hundreds of consumers throughout the State of Arkansas, each of which contains language that violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

30. Under the FDCPA, Dunning letters sent from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

31. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

32. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

33. Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

34. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the Class Action as sought herein.

### Proceeding Via Class Action is Superior and Advisable

35. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.

36. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a Class Action.

37. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

38. A Class Action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

39. Absent a Class Action, the members of the Class will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

40. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

41. Plaintiff repeats, realleges and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

42. By the actions taken by Defendant as described above, Defendant has engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(3), 1692e(5), 1692e(10), 1692g and 1692f.

43. Section 1692e provides:

**§ 1692e. False or misleading representations**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: ...
>
> (2) The false representation of--
>
> > (A) the character, amount, or legal status of any debt...
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer...

44. Section 1692g provides:

> **§ 1692g. Validation of debts**
>
> (b) Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

45. Section 1692f provides:

> **§ 1692f. Unfair practices**
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

46.     Plaintiff has been damaged and is entitled to relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Arnold T. Bacon, respectfully requests that this Court do the following for his benefit:

a. Enter an order certifying the Class as defined above, appointing Plaintiff as Class Representative, and Daniel Zemel of Zemel Law, LLC, as Class Counsel;

b. Enter an injunctive order preventing Defendant from continuing to send the letters which violate the FDCPA;

c. Enter a judgment against Defendant for statutory damages, attorney's fees and costs;

d. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 6th day of November, 2016

Respectfully Submitted,

_____

Daniel Zemel, Esq.
Zemel Law, LLC
70 Clinton Ave.
Newark, New Jersey 07114
(T) 862-227-3106
Dz@zemellawllc.com
Attorneys for Plaintiff